**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

UNITED STATES OF AMERICA

VERSUS

CRISTIAN CONSTANTIN, et al.

CRIMINAL ACTION

NO. 19-36-SDD-RLB

## RULING

This matter is before the Court on the *Motion for Revocation of Detention Order*[1] filed by Defendant, Cristian Constantin ("Constantin"). The Government has filed an *Opposition* to the *Motion*.[2] For the reasons that follow, the Court finds that Constantin's *Motion* shall be DENIED and the detention order issued by the Magistrate Judge affirmed.

**I.     FACTUAL BACKGROUND**

On March 12, 2019, Constantin was charged in a criminal complaint with possession of fifteen or more counterfeit or unauthorized access devices, in violation of 18 U.S.C. § 1029(a)(3). He appeared before Magistrate Judge Erin Wilder-Doomes for a detention hearing on March 29, 2019.[3] At the hearing, the Government moved for detention on the basis that Constantin, a Romanian national, was a serious flight risk. Judge Wilder-Doomes acknowledged that the detention issue was "a close call"[4] but ultimately ordered Constantin detained because she found that he had the "skills and ability"[5] to flee and had already engaged in "extensive efforts to evade detection and

---

[1] Rec. Doc. No. 108.
[2] Rec. Doc. No. 127.
[3] Rec. Doc. No. 43.
[4] Rec. Doc. No. 47, p. 6.
[5] *Id*.

Document Number: 57984

capture."[6] Constantin now moves to have the detention order revoked, arguing that the Government only showed that it was "theoretically possible" for him to flee and that a theoretical opportunity for flight is not sufficient grounds for pretrial detention.[7]

## II. LAW AND ANALYSIS

### A. Law

#### 1. Standard of Review

Pursuant to 18 U.S.C. § 3145(b), this Court retains the authority to review a Magistrate's order detaining a defendant in a federal criminal case. When reviewing a Magistrate's order of detention, the district court acts *de novo* and must make an independent determination of the proper pretrial detention or conditions for release.[8] "[T]he district court has the discretion to conduct its *de novo* review by examining the pleadings and the evidence which was developed before the magistrate judge. . ."[9]

#### 2. Legal Standard for Detention

This is not a case where the presumption of detention arises, and the provisions of the Bail Reform Act require release on personal recognizance or upon the execution of an unsecured appearance bond "unless the judicial officer determines that such release will not reasonably assure the appearance of the person as required or will endanger the safety of any other person or the community."[10] If release under 18 U.S.C. § 3142(b) will not reasonably assure the defendant's appearance and the

---

[6] *Id.*
[7] Rec. Doc. No. 40, p. 4 (citing *United States v. Himler*, 797 F.2d 156, 162 (3d Cir. 1986)).
[8] *United States v. Reuben*, 974 F.2d 580, 585 (5th Cir. 1992); *United States v. Fortna*, 769 F.2d 243, 249 (5th Cir. 1985).
[9] *United States v. Hensler*, 18 F.3d 936, 1994 WL 83436, at *2 (5th Cir.1994).
[10] 18 U.S.C. § 3142(b).

safety of the community, release should be ordered with the least restrictive conditions that will meet those objectives.[11] Only if no condition or combination of conditions exist that will reasonably assure the defendant's appearance and the safety of the community should the defendant be detained.[12] The government bears the burden of proving by a preponderance of the evidence that the defendant's appearance at trial cannot be reasonably assured by any combination of conditions of bail.[13] The factors to be considered are: the nature and circumstances of the offense charged; the weight of the evidence; the history and characteristics of the defendant; and the nature and seriousness of the danger posed by defendant's release.[14]

### B. Analysis

The Court has reviewed *de novo* the entire record of the March 29th detention hearing as well as all of the parties' briefing. At the hearing, the Government emphasized that flight *within* the United States was its concern and offered evidence (via testimony from U.S. Secret Service Special Agent Kevin Bodden) that when Constantin was arrested, his wife was in possession of several false forms of identification bearing his picture. The Government noted that Constantin's criminal activity had involved the use of a computer and a car which are now "unaccounted for." Also of concern to the Government was the evidence that Constantin's criminal activity was apparently undertaken with a group of accomplices who in some cases remain at large, are "mobile" throughout the United States, and may have the capability to make a new fake ID for

---

[11] 18 U.S.C. § 3142(c).
[12] 18 U.S.C. § 3142(e).
[13] *United States v. Trosper*, 809 F.2d 1107, 1109 (5th Cir. 1987).
[14] 18 U.S.C. § 3142(g).

Constantin. In closing, the Government contended that all of the above evidence, combined with what it called the "strength of the case" against Constantin, weighed in favor of detention.

The defense called Constantin's brother, Augustin Constantin, to testify at the hearing. Augustin testified that Cristian Constantin had been living and working with him in Florida prior to his arrest, and that Cristian was welcome to return and live and work with him if granted pre-trial release. Per Augustin, Constantin's pregnant wife also lives with him (since the hearing, Constantin's wife has given birth to a daughter). Augustin said he understood that the Government considers Cristian a flight risk and stated that he was willing to alert the Government in the event that Cristian fled. In addition to Augustin's testimony, the defense offered two exhibits related to Cristian Constantin's application for asylum in the United States. In lieu of closing argument, Constantin filed a *Memorandum in Support Grant Pre-Trial Release.*[15] Therein, he reviews the 18 U.S.C. § 3142(g) factors and argues that the Government has not demonstrated by a preponderance of the evidence that Constantin is a flight risk.

Having made a *de novo* review of the record, the Court now examines the evidence and pleadings in the context of the 18 U.S.C. § 3142(g) factors.

1. <u>Nature and Circumstances of the Offense Charged</u>

At the time of his detention hearing, Constantin had been charged by criminal complaint. He was subsequently indicted on two counts that together carry a statutory maximum of 25 years imprisonment.[16] The Government contends, and Magistrate Judge

---

[15] Rec. Doc. No. 40 [sic].
[16] 18 U.S.C. § 1029(c)(1)(A)(ii) and (c)(1)(A)(i) (*See* Rec. Doc. No. 41).
Document Number: 57984

Wilder-Doomes concurred in her *Ruling*, that the "severity of the penalties facing the defendant should weigh in favor of detention."[17] In his *Motion for Revocation of Detention Order*, Constantin disagrees that the statutory maximum is the relevant calculation, arguing that he "will likely face less than 5 years" because the "guideline range for a person with a criminal history category of zero and a conviction under [these] statutes could range between 18-24 months and 51-63 months."[18] For its part, the Government says there is not "sufficient information to make a guideline estimate for the defendant until it has obtained and reviewed his Presentence Report."[19]

In similar cases within the Fifth Circuit, courts have analyzed the "nature and circumstances" factor by reference to the statutory penalties, not the likely guideline sentence.[20] Until the Presentence Report is completed, any projected guideline sentence is necessarily conjecture. The Court has no reason to believe that Constantin's guideline projection is inaccurate, but finds that the heavy time faced by Constantin under the statutes does weigh in favor of detention.

2. Weight of the Evidence

After the Government and Constantin conceded as much in their briefs, Magistrate Judge Wilder-Doomes found that this factor weighs in favor of detention because of the strength of the evidence against Constantin.[21] The Court also finds that this factor weighs in favor of detention.

---

[17] Rec. Doc. No. 127, p. 4.
[18] Rec. Doc. No. 108-1, p. 4.
[19] Rec. Doc. No. 127, p. 4.
[20] See, *e.g., United States v. Posada Carriles*, 481 F. Supp. 2d 792 (W.D. Tex. 2007); *United States v. Nwagbara*, No. 3:11-CR-0298-L, 2011 WL 6372342 (N.D. Tex. Dec. 19, 2011); *United States v. Stine*, No. 2:06 CR 20003-001, 2006 WL 845596 (W.D. La. Mar. 27, 2006); *United States v. George*, No. 6:16CR00025-07, 2016 WL 1259857 (W.D. La. Mar. 28, 2016).
[21] Rec. Doc. No. 127, p. 4; Rec. Doc. No. 47, p. 3; Rec. Doc. No. 108-1, p. 5.

### 3. History and characteristics of the defendant

The Court is persuaded that the evidence of Constantin's efforts to evade detection by law enforcement -- specifically, the evidence that he rented a car using a fake ID, placed a fake license plate on the car, and masked its VIN number using tape – weighs in favor of detention. It is true, as the defense points out, that these measures were minimally successful because Constantin was apprehended less than a week after renting the car. But, unsuccessful as they may have been, Constantin's efforts demonstrate an intent and willingness to evade law enforcement, as well as *some* knowledge of how to do so. That same knowledge and willingness could be applied to an attempt to flee or tamper with a location monitoring device.

And, while the defense elicited testimony from Augustin Constantin that he would be a sort of watchdog if Constantin were granted pre-trial release, the Government on cross-examination drew out the fact that not only would his notice that Constantin had fled likely come too late, Augustin has been misled by his brother once before, when he left for Louisiana to carry out the acts charged in the underlying indictment.

There are reasons to believe that Constantin's history and characteristics do not suggest a need to detain him. The Court notes, as did Judge Wilder-Doomes, that Constantin "has no prior criminal history, appears to have the ability to maintain gainful employment as his brother's helper and has no history of substance abuse or mental health issues."[22] Though he lacks ties to the Middle District or Louisiana specifically, Constantin has significant family ties, including his wife and newborn daughter, in the

---

[22] Rec. Doc. No. 47, p. 4.
Document Number: 57984

Orlando area. He has a pending asylum application that, if granted, would allow him to remain in the United States permanently. Moreover, the evidence presented by the Government that Constantin is a flight risk because he may have the ability to access a car or a computer was hardly persuasive or unique to Constantin, and the Court is similarly not inclined to credit the argument that Constantin is a flight risk because he has lived in New York and Florida and at least visited California.

In his *Motion*, Constantin refers to a 2016 case where this Court allowed a defendant to reside in Orlando, Florida on location monitoring while awaiting trial,[23] even though the defendant was subject to a mandatory minimum sentence and was charged with a crime that came with a presumption of detention. However, it is not apparent from the record of that case whether the Government put on evidence that the defendant had attempted to evade law enforcement, as it did with respect to Constantin. To be clear, it is the history of attempting to evade law enforcement that forms the basis for this Court's ruling. Although Constantin has characteristics that suggest he might succeed on pre-trial release, they are outweighed by the concrete evidence that he has previously attempted to evade detection by law enforcement. For that reason, the Court finds that this factor weighs in favor of detention.

4. <u>Nature and seriousness of danger to others or the community</u>

The Government's evidence that Constantin is a danger to others is that he was apprehended with a minor (his wife). Also, in its *Opposition* to the instant motion, the Government claims that the presence of the juvenile was not incidental, but part of "a plan

---

[23] *United States v. Lewis*, 3:16-cr-00078-BAJ-EWD (M.D. La. 2016).
Document Number: 57984

using juveniles . . . because their presence in the vehicle would dispel suspicions others might have surrounding [Constantin's] activities."[24] Judge Wilder-Doomes allowed that Constantin's crimes "are not the type that would traditionally be considered inherently dangerous"[25] but agreed with the Government that the involvement of minors "causes serious concern."[26] The Court is not persuaded that the evidence shows that minors, including Constantin's wife, faced any danger, though using minors in the fraud scheme is obviously troublesome. This factor is somewhat neutral.

Overall, because three of the four factors weigh in favor of Constantin's detention, the Court concludes that the magistrate judge's detention order should be affirmed.

## III. CONCLUSION

**IT IS HEREBY ORDERED** that Constantin's *Motion for Revocation of Detention Order*[27] shall be DENIED.

Signed in Baton Rouge, Louisiana on <u>November 18, 2019</u>.

*Shelly D. Dick*
_____
**CHIEF JUDGE SHELLY D. DICK
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA**

---

[24] Rec. Doc. No. 127, p. 6.
[25] Rec. Doc. No. 47, p. 4.
[26] Rec. Doc. No. 47, p. 5.
[27] Rec. Doc. No. 108.
Document Number: 57984